Oldham, J. The first question presented in this case is whether the circuit court erred in refusing leave to the defendant below to file an additional plea after the cause had been argued and submitted by the plaintiffs, but before the argument of the defendant. The time of pleading to the merits is proscribed by the Rev. St. ch. 116, sec. 52. In cases where the writ has been served thirty days previous to the return day, every plea to the merits must be filed at or before the calling of the cause in its regular order on the docket, unless further time be given by the court which shall in no case extend beyond the term. The granting of further time to plead is a matter of practice in the discretion of the court, to be allowed or withheld as the circumstances of the case and justice may require, and cannot be controlled by this court except it has been exercised to the palpable prejudice and injustice of the party. In this case leave to file an additional plea was very properly refused. No reason is assigned for the failure to file the plea at an earlier period. A plea filed at the time proposed in this case •would tend to stop the trial already commenced, surprize the .opposite party and prolong the cause to a subsequent term. Such might not be the result in every case, but it would in many. The plea in this case was not necessary, as the allegation which it traverses was already in issue by the pleadings then on file. The action was brought upon a lost note. The defendant pleaded nil debet and payment, upon which issues were made up, and the parties went to trial: no proof whatever was introduced, and the court found for the plaintiffs. At common law, under the plea of nil debet, the plaintiff must prove all the material allegations in his declaration. 2 Stark. Ev. 463. Our Statute dispenses with proof of the execution of the instrument or note ip writing in cases where it is not alleged to be lost or destroyed, unless its execution be denied by plea verified by affidavit. Rev. St. ch. 116, secs. 102, 104. These two sections of the act must be construed together, and under them, in cases where the note or instrument is not alleged to have been lost or destroyed, it may be read in evidence by the plaintiff in support of the issue on his part without proof of its execution. Under the issue the onus is still upon the plaintiff, Nothing is dispensed with save proof of the execution of the note which is a pre-requisite to its being read to the jury. But where the note is alleged to have been lost or destroyed, the allegation is a material averment in the cause, (Rev. St. ch. 116, sec. 65,) is put in issue by the plea of nil debet and must be proven. Secondary evidence of the contents of the instrument or note in writing is not admissible until it is made to appear that it existed and has been lost or destroyed. After its existence and subsequent loss or destruction is established, secondary evidence may be received to prove the indebtedness. The note or instrument itself, or secondary evidence of its contents where it is lost or destroyed, must be given in evidence to the jury to entitle the plaintiff to recover. The Statute does not, as the circuit court seemed to suppose, change the rule of evidence and shift the onus from the plaintiff to the defendant. It merely dispenses with the proof of execution where the instrument is not alleged to have been lost or destroyed, but in all other respects leaves the rule as at common law. Reversed,